# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RENNAE ELIZABETH OTT,

    Plaintiff,

v.

MARYLAND DEPARTMENT
OF PUBLIC SAFETY AND
CORRECTIONAL SERVICES,

    Defendant.

Civil Action No. RDB-16-3394

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Rennae Elizabeth Ott ("plaintiff" or "Ott") brings this action against her former employer, the Maryland Department of Public Safety and Correctional Services ("defendant" or "DPSCS"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 709, *et seq.* (ECF No. 1.) Specifically, Ott alleges that she was subjected to a hostile work environment and wrongfully terminated on account of her post-traumatic stress disorder ("PTSD") disability. She also alleges that DPSCS failed to accommodate her disability and that she was retaliated against for opposing DPSCS's discriminatory treatment.

Currently pending before this Court is DPSCS's Motion to Dismiss and, in the Alternative, Motion for Summary Judgment ("Defendant's Motion"). (ECF No. 9.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 9)

1

is GRANTED based on the applicable two-year statute of limitations on disability employment discrimination claims under Maryland law. *See* Md. Code Ann., State Gov't § 20-1013(a)(3); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 568 (4th Cir. 2017).

## BACKGROUND

In reviewing a Motion to Dismiss, this Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal citations omitted).

Plaintiff Rennae Ott was an employee at the Easton, Maryland office of the Maryland Department of Public Safety and Correctional Services ("DPSCS") from June 4, 2008 until March 6, 2014. (ECF No. 1 at ¶¶ 7, 59.) Ms. Ott worked as a parole and probation agent and received positive evaluations and was promoted during her tenure at DPSCS. (*Id.* at ¶¶ 8-9.) In 2010, Ott developed post-traumatic stress disorder ("PTSD") after learning that her daughter was one of over one hundred children who had been sexually abused by Dr. Earl Bradley, her daughter's pediatrician. (*Id.* at ¶¶ 10-12.) Despite her PTSD, Ott continued to work for DPSCS as a parole and probation agent. (*Id.* at ¶¶ 13-17.)

When certain of Ott's co-workers learned of the horrific abuse which Ott's daughter had suffered, they inexplicably and rudely began to taunt Ott, triggering Ott's PTSD and causing her significant anxiety. (ECF No. 1 at ¶¶ 17-33.) Ott's co-workers then began to mock her on account of her PTSD, leading Ott to file a complaint with DPSCS's Office of Equal Opportunity ("OEO"). (*Id.* at ¶¶ 34-36.) On July 12, 2013, the OEO found probable cause that Ott had been harassed on the basis of her disability. (*Id.* at ¶ 40.) As her PTSD

2

had worsened, she was granted a medical leave of absence beginning on July 15, 2013. (*Id.* at ¶ 42.)

Although Ott no longer appeared for work after July 15, 2013, over the ensuing eight months, she underwent a series of medical and mental health evaluations, apparently at the request of DPSCS, in order to determine her fitness to return to work. (ECF No. 1 at ¶¶ 46-56.) In addition, Ott met with DPSCS officials in order to request a transfer to another DPSCS office where she would not be under the supervision of Mr. Killmon, her supervisor, who had ignored the abuse by her co-workers and who had taken adverse employment actions against her based on her OEO complaint. (*Id.* at ¶¶ 56-59.) When DPSCS refused to accommodate Ott's request, she resigned on March 6, 2014. (*Id.* at ¶ 59.)

On December 14, 2013, while still on medical leave, Ott filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1 at ¶ 3; ECF No. 15-1 at 3-4.) Following its investigation, on August 13, 2015, the EEOC issued its Determination that there was reasonable cause to believe Ms. Ott was subjected to harassment by DPSCS on account of her disability and that DPSCS retaliated against her for engaging in protected activity under the ADA. (*Id.*) Ott did not file suit at that time. One month later, on September 17, 2015, the EEOC referred Ott's Charge of Discrimination to the Civil Rights Division of the United States Department of Justice. (*Id.*) After nearly one year, on July 26, 2016, the Civil Rights Division declined to file suit on Ott's behalf and issued her a Notice of Right to Sue. (*Id.*) Over two months later, on October 10, 2016, Ott filed her Complaint in this Court. (ECF No. 1.)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

A defendant invoking the statute of limitations asserts an affirmative defense under Rule 8(c). It is well-established that courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are

alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007). *See Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017).

## ANALYSIS

### I. Plaintiff's Claims Under the Americans with Disabilities Act Are Barred Under the Eleventh Amendment

In support of its Motion to Dismiss plaintiff's claims under the Americans with Disabilities Act ("ADA"), DPSCS asserts that as an agency of the State of Maryland, it is entitled to state sovereign immunity under the Eleventh Amendment to the United States Constitution. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 121 S. Ct. 955 (2001). In her response in opposition to Defendant's Motion, Ott concedes that because DPSCS has not consented to suit, her claims under the ADA are barred by DPSCS's Eleventh Amendment Immunity. Accordingly, plaintiff's claims under the ADA in all four counts are DISMISSED.

### II. Plaintiff's Claims Are Time-Barred Pursuant to the Maryland Fair Employment Practices Act's Two-Year Statute of Limitations on Disability Employment Discrimination Claims

Defendant argues that plaintiff's claims under the Rehabilitation Act are subject not to Maryland's general three-year statute of limitations period for personal injury claims, but, rather, to the two-year statute of limitations period under the Maryland Fair Employment Practices Act ("MFEPA"), the state-law analogue to the Rehabilitation Act. Md. Code Ann., State Gov't § 20-1013. (ECF No. 9-1 at 15-16; ECF No. 18 at 1-2.) Defendant asserts that a series of decisions of this Court and the unreported Fourth Circuit decision in *Jeandron v.*

*Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 226 (4th Cir. 2013)—which applied a three-year statute of limitations—are inapposite, as these decisions are based on cases issued before the amendment of MFEPA in 2009. *See* 2009 Maryland Laws ch. 299, § 1. Following this reasoning, defendant asserts that because plaintiff filed suit on October 10, 2016—over two years after she resigned from her employment with DPSCS on March 6, 2014—her claims are time-barred.

In her opposition, plaintiff argues that "no court has issued a reported decision holding that MFEPA is most analogous to the Rehabilitation Act" for purposes of determining the applicable statute of limitations. (ECF No. 15-1 at 15.) Plaintiff further notes the split of authority, even within this District, on the question of the applicable statute of limitations to Rehabilitation Act claims in Maryland. (ECF No. 15-1 at 14-15.) *Compare Bales v. Maryland Judiciary/Admin. Office of the Courts*, JFM-15-3293, 2016 WL 6879902, at *6 (D. Md. Nov. 22, 2016) (applying MFEPA's two year statute of limitations) and *Rohrer v. People's Cmty. Health Centers, Inc.*, RDB-12-00647, 2012 WL 2450163, at *7 (D. Md. June 27, 2012) (applying Maryland's general three year statute of limitations). *See also McCleary-Evans v. Md. Dep't of Transp.*, ELH-12-1550, 2015 WL 1285325, at *21-25 (D. Md. Mar. 20, 2015) and *Walker-Pittman v. Md. Dep't of Transp.*, CCB-14-202, 2015 WL 419806, at *10 (D. Md. Jan. 29, 2015) (discussed *infra*). Based on this split, plaintiff asserts that this Court should apply a three-year statute of limitations in evaluating her claims. (ECF No. 15-1 at 14-15.)

Neither the Rehabilitation Act nor the ADA includes a specific statute of limitations. As such, it "is long settled that where federal law does not supply that information, the court will borrow the statute of limitations for the analogous state cause of action." *Davis v.*

6

*Montgomery Cnty. Dep't of Transp.*, JFM-11-2637, 2012 WL 748392, at *5 (D. Md. Mar. 6, 2012) (citing *Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S. 478, 484 (1980)). "Given the substantially similar language between the ADA and the Rehabilitation Act, [the Fourth Circuit has] applied the same analysis to determine the applicable statute of limitations for Rehabilitation Act claims." *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (citing *A Society Without a Name v. Virginia*, 655 F.3d 342, 347-48 (4th Cir. 2011)). *See also Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 224–25 (4th Cir. 1993).

Until recently, the United States Court of Appeals for the Fourth Circuit had not expressly addressed whether, following the 2009 Amendments to MFEPA, Maryland's general three-year statute of limitations for civil actions or MFEPA's two-year statute of limitations applies to disability employment discrimination claims. As this Court noted in *Mattison v. Maryland Transit Administration*, RDB-15-1627, 2016 WL 2898020, at *7 (D. Md. May 18, 2016):

> "In the wake of the 2009 amendments to the MFEPA, this Court has declined to rule on this precise issue. *See McCleary-Evans v. Md. Dep't of Transp.*, ELH-12-1550, 2015 WL 1285325, at *21-25 (D. Md. Mar. 20, 2015) (explaining that, as the plaintiff's claims were barred under either statute, this Court need not determine which applied); *Walker-Pittman v. Md. Dep't of Transp.*, CCB-14-202, 2015 WL 419806, at *10 (D. Md. Jan. 29, 2015) (again declining to determine which statute applied [where claims barred under either limitations period])."

*Mattison*, 2016 WL 2898020, at *7. While the Fourth Circuit did issue an unreported decision on this question in *Jeandron*, the court there relied on two Maryland cases which pre-dated the 2009 Amendments to MFEPA. *Jeandron*, 510 F. App'x 223, 226 (4th Cir. 2013) (citing *Schalk v. Associated Anesthesiology Practice,* 316 F.Supp.2d 244, 251 (D. Md. 2004); *Kohler v. Shenasky,* 914 F.Supp. 1206, 1211 (D. Md. 1995)).

7

In its recent decision in *Semenova v. Maryland Transit Admin.*, 845 F.3d 564 (4th Cir. 2017), however, the Fourth Circuit clearly noted the fact that the 2009 Amendments to MFEPA "created a cause of action for disability employment discrimination." *Id.* at 568.[1] The court's holding in *Semenova* that Maryland's general three-year statute of limitations for civil actions was the closest state analogue to plaintiff's claims alleging discrimination in the provision of public services was based on the fact that the 2009 Amendments *did not* create a specific cause of action for this type of discrimination. *Id.* ("[T]hose amendments did nothing to modify the rights and remedies of a plaintiff in Appellant's shoes who alleges discrimination in the provision of public services."). Because, as defendant notes, MFEPA "directly addresses disability discrimination in the employment context, [it is] the appropriate state analogue to the Rehabilitation Act." (ECF No. 9-1 at 19, n. 4.) As Judge Motz of this Court recently held: "I agree that MFEPA, in its current form, authorizes the same expansive relief and recovery of damages as provided under the ADA *and* provides specific legal protections that mirror ADA protections. Therefore, I find MFEPA is the most analogous state law to the Rehabilitation Act, and its two-year limitations period applies in the present case." *Bales v. Maryland Judiciary/Admin. Office of the Courts*, JFM-15-3293, 2016 WL 6879902, at *7 (D. Md. Nov. 22, 2016) (emphasis in original).

In the instant case, plaintiff's Rehabilitation Act claims are based on unlawful employment practices, including hostile work environment, wrongful termination, failure to accommodate, and retaliation. (ECF No. 1 at 10-13.) The Complaint alleges that the last day on which Ms. Ott reported to work before being granted a medical leave of absence was

---

[1] *Semenova* was issued on January 10, 2017, while the parties in this case were briefing Defendant's Motion. Defendant noted the pendency of that appeal in its Motion. (ECF No. 9-1 at 19, n. 4.)

July 15, 2013. (*Id.* at ¶ 42.) Plaintiff further alleges that she resigned from her position on March 6, 2014. (*Id.* at ¶ 59.) Thus, under MFEPA's two-year statute of limitations, plaintiff was required to file suit no later than March 6, 2016. As plaintiff did not file her Complaint until October 10, 2016, her Rehabilitation Act claims, incorporating MFEPA's two-year statute of limitations, are time-barred. Md. Code Ann., State Gov't § 20-1013(a)(3). Accordingly, Defendant's Motion must be GRANTED.

### III. Plaintiff Has Not Demonstrated Exceptional Circumstances Warranting Equitable Tolling

Plaintiff argues that this Court should equitably toll the two-year statute of limitations under the Rehabilitation Act/MFEPA because plaintiff had pursued administrative relief through a Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 15-1 at 15-16.) Ms. Ott further argues that because "[a]t the time Ms. Ott filed suit, there was no Maryland case – reported on unreported – that held her claims under the Rehabilitation Act must be brought within two (2) years of the adverse employment action," tolling is warranted. (*Id.* at 16.) Defendant argues in opposition that plaintiff fails to demonstrate that there exist "extraordinary circumstances" which might warrant equitable tolling. (ECF No. 18 at 6-7.)

As this Court recently explained in *Altenburg v. Caliber Home Loans, Inc.*, "[e]quitable tolling is available only in those rare instances when—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Altenburg*, RDB-16-3374, 2017 WL 2733803, at *5 (D. Md. June 26, 2017) (quoting *Akakpo v. HSBC Bank USA, N.A.*, PX-16-1082, 2017 WL 1048256, at *3 (D. Md. Mar. 20, 2017)).

9

Plaintiff's argument based on her having pursued administrative remedies is unavailing because her claims pursuant to § 504 of the Rehabilitation Act were not subject to any administrative exhaustion requirement. 29 U.S.C. § 794(a). *See Bales*, 2016 WL 6879902, at *7 ("[F]or claims brought pursuant to § 504 of the Rehabilitation Act, [a plaintiff] is not required to exhaust administrative remedies."). As this Court repeatedly has explained:

> "A lawsuit claiming a violation of section 504 of the Rehabilitation Act...is conducted according to "[t]he remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d, *et seq.*) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C.2000e–5), applied to claims of discrimination in compensation)." 29 U.S.C. § 794a(a)(2). The procedures in those other statutes, adopted by reference, do not mandate exhaustion of administrative remedies. *See Neighborhood Action Coalition v. City of Canton, Ohio,* 882 F.2d 1012, 1015 (6th Cir. 1989) ("Title VI litigants need not exhaust their administrative remedies before pursuing their private cause of action in federal court")."

*Id.* (quoting *N.T. v. Balt. City Bd. of School Comm'rs,* JKB–11–356, 2011 WL 3747751, at *1 (D. Md. Aug. 23, 2011)). *See also Reyazuddin v. Montgomery Cty., Md.*, DKC 11-0951, 2012 WL 27241, at *3 (D. Md. Jan. 4, 2012) (same). Thus, the fact that plaintiff filed a Charge of Discrimination with the EEOC does not create the type of "exceptional circumstances" which warrant equitable tolling.[2]

Plaintiff's argument that no prior decision of this Court applied a two-year statute of limitations to Rehabilitation Act claims is similarly unavailing. (ECF No. 15-1 at 16.) While plaintiff fairly notes that no decision of this Court expressly applied MFEPA's two-year statute of limitations to ADA and/or Rehabilitation Act claims, there are at least two 2015

---

[2] While plaintiff's ADA claims *were* subject to an exhaustion requirement, the presence of these claims—which, as noted above, must be dismissed on state sovereign immunity grounds—does not overcome this conclusion. *See* Part I, *infra*. Moreover, given that plaintiff *could have* filed suit under the ADA as early as August 13, 2015—the date on which the EEOC issued its determination that there was reasonable cause to believe that Ott was subjected to harassment by DPSCS—tolling is again unwarranted. (ECF No. 1 at 3; ECF No. 15-1 at 4.) That plaintiff waited to file suit until more than two months after the Department of Justice declined to bring suit on her behalf similarly does not create a basis for equitable tolling. (*Id.*)

opinions of this Court which recognize that such claims might be subject to the post-2009 MFEPA statute of limitations. *Walker-Pittman v. Maryland Dep't of Transp.*, CCB-14-202, 2015 WL 419806, at *10 (D. Md. Jan. 29, 2015), *aff'd sub nom. Walker-Pittman v. Maryland Dep't of Transportation*, 671 F. App'x 873 (4th Cir. 2016); *McCleary-Evans v. Maryland Dep't of Transp.*, ELH-12-1550, 2015 WL 1285325, at *25 (D. Md. Mar. 20, 2015), *aff'd,* 631 F. App'x 178 (4th Cir. 2016). *See also Howerton v. Bd. of Educ. of Prince George's Cty.*, TDC-14-0242, 2015 WL 4994536, at *7 (D. Md. Aug. 19, 2015) (applying two-year statute of limitations to Title VI claim). Indeed, in *McCleary-Evans*, Judge Hollander expressly recognized that the two-year statute of limitations might apply to such claims: "Thus, I need not decide whether Maryland's general statute of limitations applies…or whether MFEPA's limitation period applies…" *McCleary-Evans*, 2015 WL 1285325, at *25. As both of these opinions were issued more than eleven months before the statute of limitations on plaintiff's claims had expired, plaintiff's argument based on the dearth of applicable precedent does not give rise to equitable tolling.

**CONCLUSION**

For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED based on the applicable two-year statute of limitations on disability employment discrimination claims under Maryland law.

A separate Order follows.

Date: August 22, 2017   _____/s/_____
Richard D. Bennett
United States District Judge